**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AMAZON.COM INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vantage Point Technology, Inc. ("Plaintiff") alleges the following for its complaint against Defendant Amazon.com Inc. ("Defendant").

## THE PARTIES

1.      Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2.      Defendant is a corporation formed under the laws of the state of Delaware with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210. Defendant may be served with process via its registered agent Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

3.      This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4.      The Court has personal jurisdiction, because Defendant has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by

promoting products for sale and selling products via the internet, which is accessible to and accessed by residents of this District.

5.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 5,463,750**

6.     On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office.  The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation.  A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

7.     Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent.  Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

8.     Defendant has infringed and continues to directly infringe, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1.  Such products include at least the Amazon Kindle Fire (D01400) tablet, which uses a dual Cortex-A9 core processor design in the OMAP4430 chipset; the Amazon Kindle Fire HD tablet, which uses a dual Cortex-A9 core

processor design in the OMAP4470 chipset; and the Kindle, Kindle Touch, and Paperwhite 3G

Kindle, which use a Cortex A8 core processor design in the Freescale MX50 family chipset.

9.       Defendant's manufacture, sales, offers to sell, and/or importation of the accused

products is unauthorized, without the permission of Plaintiff, and constitutes infringement under

35 U.S.C. §271 for which it is directly liable.

10.      As a result of Defendant's direct infringement, Plaintiff has been damaged

monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant

to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by
   equivalents, the '750 Patent;

B. Award Plaintiff damages for Defendant's infringement in an amount to be
   determined at trial, including enhanced damages, costs, and pre and post-
   judgment interest; and

C. Award any other relief deemed just and proper.

November 1, 2013                              Respectfully submitted,

                                             /s/ Paul V. Storm
                                             Paul V. Storm
                                             Texas State Bar No. 19325350
                                             Sarah M. Paxson
                                             Texas State Bar No. 24032826
                                             GARDERE WYNNE SEWELL LLP
                                             1601 Elm Street, Suite 3000
                                             Dallas, Texas  75201
                                             (214) 999-3000
                                             pvstorm@gardere.com
                                             spaxson@gardere.com