IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., § § § Plaintiff, § § v. § AMAZON.COM, INC., § § Defendant. § § | § | Civil Action No. 2:13-cv-909-JRG **LEAD CASE** |
| VANTAGE POINT TECHNOLOGY, INC., § § Plaintiff, § § v. § SAMSUNG ELECTRONICS CO. LTD, § SAMSUNG ELECTRONICS AMERICA, § INC. and SAMSUNG § TELECOMMUNICATIONS AMERICA § LLC, § § Defendants. § | § | Civil Action No. 2:13-cv-928-JRG **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vantage Point Technology, Inc. ("Vantage Point") alleges the following for its complaint against Defendants Samsung Electronics Co. Ltd, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Defendants").

**THE PARTIES**

1.  Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2.  Defendant Samsung Electronics Co. Ltd is a Korean corporation with its principal office at 416 Maetan-3dong, Yeoungtong Gu, Suwon City, Gyeonggi, Korea 443-742.   On

information and belief, Defendant SEC conducts business in the United States generally and in this District through its subsidiaries, including the other named Defendants.

3. Defendant Samsung Electronics America, Inc. is a corporation organized under the laws of the state of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Defendant Samsung Electronics America, Inc. may be served with process via its registered agent CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

4. Defendant Samsung Telecommunications America LLC is a limited liability company formed under the laws of the state of Delaware with a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. Defendant Samsung Telecommunications America LLC may be served with process via its registered agent, Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

6. The Court has personal jurisdiction over Defendants because they have availed themselves, under the Texas long arm statute, of the rights and benefits of this District by conducting business in this jurisdiction, including by promoting products for sale via the internet, which is accessible to and accessed by residents of this District, and knowingly having their products sold in stores throughout this District. Defendants have also previously initiated a lawsuit in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,463,750

8. On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office. The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation. A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

9. Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

10. Defendants have infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1. Such products include, at least, any and all chipsets with an ARM Cortex A15, dual ARM Cortex A9s, ARM Cortex A8, multi-core Qualcomm Scorpion, or multi-core Qualcomm Krait core processor design. Such products also include smart phones, tablets, and/or computers that incorporate those chipsets. Upon information and belief, the accused chipset products include at least the Samsung Exynos 5 Dual, Samsung Exynos 4 Quad, Samsung Exynos 4 Dual 32nm, Samsung Exynos 4 Dual 45 nm, Samsung Exynos 3 Single, and the S5PC100. Upon information and belief, Samsung has incorporated those chipsets into at least the following accused electronic device products, which

it makes, has made, sells, offer to sell, and/or imports: Nexus S, Nexus 10, Samsung Galaxy Note, Samsung Galaxy Note II, Samsung Galaxy Note 8.0, Samsung Galaxy Note 10.1, Samsung Galaxy Tab, Samsung Galaxy Tab Plus 7.0, Samsung Galaxy Tab 3 8.0, Samsung Galaxy Tab 7.7, Chromebook Series 3, Galaxy S, Samsung Galaxy S3, Samsung Galaxy Stratosphere II, Galaxy Tab 2 7.0, ATIV Odyssey, Galaxy Axiom, Galaxy Express, Galaxy Rugby Pro, Galaxy S3 LTE, Galaxy R Style, Galaxy Victory, Galaxy S4, Galaxy Camera, Wave, Illusion, Charge, Galaxy Indulge, Galaxy Attain 4G, Lightray, Captivate, Infuse 4G, Epic 4G, and Galaxy Player 5.0.

11.  Defendants' manufacture, sales, offers to sell, and/or importation of the identified accused chipset products and additional electronic device products incorporating those chipsets is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which they are directly liable.

12.  As a result of Defendants' direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 6,374,329

13.  On April 16, 2002, U.S. Patent No. 6,374,329 (the "'329 Patent") entitled "High Availability Super Server" was duly and legally issued by the United States Patent and Trademark Office. The application for the '329 Patent was filed on February 19, 1997 and originally assigned to Intergraph Corporation. A true and correct copy of the '329 Patent is attached as Exhibit B hereto.

14.  Plaintiff is the sole and exclusive owner of all right, title, and interest in the '329 Patent and holds the exclusive right to take all actions, including the filing of this patent

infringement lawsuit, necessary to enforce its rights to the '329 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '329 Patent and to seek injunctive relief as appropriate under the law.

15. Defendants are directly infringing and have directly infringed, either literally or by equivalents, one or more claims of the '329 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '329 Patent, including at least Claim 1. Such products include at least any and all chipsets with big.LITTLE ARM architecture, including those products using the Exynos 5 Octa core processor design. Upon information and belief, the accused products further include at least the Galaxy Tab Pro 12.2 and the Chromebook 2.

16. Defendants' manufacture, sales, offers to sell, and/or importation of the accused products is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

17. As a result of Defendants' direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

 A. Enter judgment that Defendants have directly infringed, either literally or by equivalents, the '750 Patent and the '329 Patent;

B. Award Plaintiff damages for Defendants' infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

April 18, 2014                                          Respectfully submitted,

/s/ Paul V. Storm
Paul V. Storm
Texas State Bar No. 19325350
Sarah M. Paxson
Texas State Bar No. 24032826
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-3000
pvstorm@gardere.com
spaxson@gardere.com

***Attorneys for Vantage Point Technology, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 18th day of April, 2014.

/s/Paul V. Storm