IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VANTAGE POINT TECHNOLOGY, INC., ) <br> ) <br>            Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMAZON.COM, INC., *et al*., ) <br> ) <br>            Defendants. ) <br> ) <br> ) | Civil Action No. 2:13-cv-909-JRG <br><br> **LEAD CASE** <br><br> JURY TRIAL DEMANDED |

**DECLARATION OF XIN-YI ZHOU IN SUPPORT OF DEFENDANTS'
P.R. 4-5(B) RESPONSIVE CLAIM CONSTRUCTION BRIEF**

I, Xin-Yi Zhou, state and declare as follows:

1.    I am an attorney admitted to practice law in the State of California and before this Court *pro hac vice*. I am a counsel at the law firm of O'Melveny & Myers LLP, counsel for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC in this action.

2.    I am over the age of 18 and fully competent to make this declaration. I have personal knowledge of the facts stated this declaration.

3.    Attached as **Exhibit 1** is a true and correct copy of the claim construction Memorandum Opinion and Order from *Intergraph Hardware Techs. Co., Inc. v. Hewlett-Packard Co.*, Case No. 6:04-cv-00214-LED, Dkt. No. 93 (E.D. Tex. December 22, 2004).

4. Attached as **Exhibit 2** is a true and correct copy of a document entitled "Transcript of Markman Hearing Before Honorable Leonard Davis, United States District Judge" from *Intergraph Hardware Techs. Co., Inc. v. Hewlett-Packard Co.*, Case No. 6:04-cv-00214-LED, dated December 8, 2004.

5. Attached as **Exhibit 3** is a true and correct copy of an e-mail titled "Vantage Point v. Amazon et al.: 329 Patent Claim Construction" I sent to Paul V. Storm and Sarah Paxon, counsel for the Plaintiff in this case, on December 5, 2014, confirming agreement for the proposed construction of the claim term "external cache controller."

6. Attached as **Exhibit 4** is a true and correct copy of an excerpt from the prosecution file history of U.S. Patent No. 6,374,329 (the "'329 Patent") as produced by Plaintiff at VP0000393-399. Exhibit 4 consists of the Response to an Office Action mailed by the '329 Patent applicant on May 26, 2000.

7. Attached as **Exhibit 5** is a true and correct copy of U.S. Patent No. 4,484,267 to Fletcher.

8. Attached as **Exhibit 6** is a true and correct copy of an excerpt from the '329 Patent prosecution file history as produced by Plaintiff at VP0000369-375. Exhibit 6 consists of the Preliminary Amendment mailed by the '329 Patent applicant on February 4, 1999.

9. Attached as **Exhibit 7** is a true and correct copy of an excerpt from the '329 Patent prosecution file history as produced by Plaintiff at VP0000382-384. Exhibit 7 consists of the Response to a Restriction Requirement mailed by the '329 Patent applicant on December 22, 1999.

10. Attached as **Exhibit 8** is a true and correct copy of an excerpt from the '329 Patent prosecution file history as produced by Plaintiff at VP0000464-473. Exhibit 8 consists of the Response to an Office Action mailed by the '329 Patent applicant on September 7, 2001.

11. Attached as **Exhibit 9** is a true and correct copy of an excerpt from WEBSTER'S II NEW COLLEGE UNIVERSITY DICTIONARY (1995) defining "hardwired" and produced to Plaintiff at VPT_DEFENDANTS_00000 878-882.

12. Attached as **Exhibit 10** is a true and correct copy of the OXFORD ONLINE DICTIONARY (AMERICAN ENGLISH) entry for "hardwired" as produced to Plaintiff at VPT_DEFENDANTS_00000440-442.

13. Attached as **Exhibit 11** is a true and correct copy of the MERRIAM-WEBSTER ONLINE DICTIONARY entry for "hardwired" as produced to Plaintiff at VPT_DEFENDANTS_00000437-439.

14. Attached as **Exhibit 12** is a true and correct copy of an excerpt from FOUNDATIONS OF COMPUTER SCIENCE by Ashok Arora published in 2006 and produced to Plaintiff at VPT_DEFENDANTS_00000362-364.

15. Attached as **Exhibit 13** is a true and correct copy of an excerpt from COMPUTER LITERACY by John V. Lombardi published in 1983 and produced to Plaintiff at VPT_DEFENDANTS_00000443-446.

16. Attached as **Exhibit 14** is a true and correct copy of an excerpt of the Pentium Pro Family Developers Manual Vols. 1-3 bearing Bates numbers VPT_DEFENDANTS_00000527-550, 718-720, 814-819. The complete document was produced to Plaintiff at VPT_DEFENDANTS_00000527-877.

17. Attached as **Exhibit 15** is a true and correct copy of an excerpt of the Pentium Pro Processor Datasheet bearing Bates numbers VPT_DEFENDANTS_00000447-448. The complete document was produced to Plaintiff at VPT_DEFENDANTS_00000447-526.

18. Attached as **Exhibit 16** is a true and correct copy of a Cyrix 6x86 Processor Technical Brief produced to Plaintiff at VPT_DEFENDANTS_00000365-366.

19. Attached as **Exhibit 17** is a true and correct copy of an excerpt of the Cyrix MII Databook bearing Bates numbers VPT_DEFENDANTS_00000367-369. The complete document was produced to Plaintiff at VPT_DEFENDANTS_00000367-436.

20. Attached as **Exhibit 18** is a true and correct copy of the AMD K6 Thermal Solution Design Application Note produced to Plaintiff at VPT_DEFENDANTS_00000254-270.

21. Attached as **Exhibit 19** is a true and correct copy of an excerpt of the AMD K5 Datasheet bearing Bates numbers VPT_DEFENDANTS_00000001-11. The complete document was produced to Plaintiff at VPT_DEFENDANTS_00000001-100.

22. Attached as **Exhibit 20** is a true and correct copy of an excerpt from the '329 Patent prosecution file history as produced by Plaintiff at VP0000411-421. Exhibit 20 consists of the Amendment in response to an Office Action mailed by the '329 Patent applicant on November 15, 2000.

23. Attached as **Exhibit 21** is a true and correct copy of the U.S. Patent No. 4,395,731 to Flusche.

24. Attached as **Exhibit 22** is a true and correct copy of an Office Action issued by the PTO Examiner dated August 16, 2000 excerpted from the '329 Patent prosecution file history as produced by Plaintiff at VP0000401-410.

25. Attached as **Exhibit 23** is a true and correct copy of an Office Action issued by the PTO Examiner dated July 28, 1994 excerpted from the prosecution file history of U.S. Patent No. 5,463,750 (the "'750 Patent) as produced by Plaintiff at VP0000040-47.

26. Attached as **Exhibit 24** is a true and correct copy of an excerpt from the '750 Patent prosecution file history as produced by Plaintiff at VP0000049-53.  Exhibit 24 consists of the Response to an Office Action mailed by the '750 Patent applicant on September 29, 1994.

27. Attached as **Exhibit 25** is a true and correct copy of an excerpt from the '750 Patent prosecution file history as produced by Plaintiff at VP0000061-77.  Exhibit 25 consists of the Amendment in response to an Office Action mailed by the '750 Patent applicant on February 28, 1995.

28. Attached as **Exhibit 26** is a true and correct copy of the Patent Owner's Preliminary Response to Petition For *Inter Partes* Review of U.S. Patent No. 5,463,750 in Case No. IPR2014-00467, filed by Plaintiff Vantage Point Technology, Inc. before the Patent and Trial Board of the United States Patent and Trademark Office on June 11, 2014.

29. Attached as **Exhibit 27** is a true and correct copy of an excerpt from COMPUTER ARCHITECTURE: A QUANTITATIVE APPROACH by John L. Hennessy and David A Patterson published in 1990 and produced to Plaintiff at VPT_DEFENDANTS_00000883-894.

30. Attached as **Exhibit 28** is a true and correct copy of slide 14 of Plaintiff's technology tutorial for the '750 Patent.

31. Attached as **Exhibit 29** is a true and correct copy of U.S. Patent No. 4,933,835 to Sachs.

32. Attached as **Exhibit 30** is a true and correct copy of an Office Action issued by the PTO Examiner on November 3, 1994 excerpted from the '750 Patent prosecution file history as produced by Plaintiff at VP0000054-58.

33. Attached as **Exhibit 31** is a true and correct copy of the Declaration of Howard G. Sachs, the named inventor of the '750 Patent, executed August 7, 2014 as produced at APL-VP00003013-14.

34. Attached as **Exhibit 32** is a true and correct copy of a document entitled "Plaintiff Vantage Point Technology, Inc.'s Disclosure of Asserted Claims and Infringement Contentions" dated April 21, 2014. The first page of Exhibit 32 states that this document contains Plaintiff Vantage Point Technology, Inc.'s Patent Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions as to Defendant Freescale Semiconductor, Inc..

35. Attached as **Exhibit 33** is a true and correct copy of the Patent Trials and Appeals Board's Decision declining institution of *Inter Partes* Review Case No. IPR2014-00467 issued on September 5, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of December, 2014, in Los Angeles, California.

*/s/ Xin-Yi Zhou*